N. J. T. Dana, and Mathew Broome, Administrators, etc., Plaintiffs in Error, *vs.* Geo. W. Farrington and wife, Defendants in Error.

### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

When a verdict is once perfected and the parties satisfied as to its form, it cannot be aided by any additions or subtractions, from any source; and a statement signed by the Judge, before whom the cause was tried, designed to throw light upon a special verdict, and to show the meaning of the jury in a certain particular, was stricken from the record in this court, upon motion.

A notice of sale and foreclosure of Real Estate, under a power of sale in the mortgage, gave notice that the sale would take place on the 23d day of May, 1860; afterwards the mortgagees changed the notice by fixing the day of sale for the 25th day of May, 1860. The jury found that the mortgagor did not know that the change had been made in the notice, and that he attended at the time and place named in the first notice, for the purpose of bidding off the premises. *Held*, that the mortgagor was misled to his prejudice, and the sale on the 25th of May was irregular.

Points and authorities of Plaintiffs in Error:

*First.*—The statute requires a notice containing certain matters to be published six weeks. *Compiled Statutes, page* 644.

The complaint alleges that such a notice was published. The answer admits that a proper notice was published, but says it was for the 23d instead of the 25th, and was not published six weeks.

The special verdict finds that a notice for the 23d of May was first published, but that the time of sale was changed to the 25th of May, and the notice as changed was first published on the 12th of April, and then as changed published six weeks. This becomes apparent when the verdict is considered in connection with the submission of the issues to the jury by the Judge.

The statute says, "notice may be given by publishing the same six weeks." *Sec.* 4, *page* 644. This was done. The statute was complied with. Now does the fact that notice for a different day had once been given, render void what is a perfectly legal notice?

Points and authorities of Defendants in Error:

*First.*—The statutory notice is a condition precedent to the execution of the power, and must be strictly complied with. *King vs. Duntz,* 11 *Barbour* 192; *Sherwood vs. Read,* 7 *Hill.* 431; *Vanslyke vs. Shelden,* 9 *Barbour* 278.

*Second.*—The alteration in the notice fixing the time of sale at a later day than as originally published without a special notice of postponement required by the statute, was in violation of the statute, and therefore void. *Compiled Statutes, page* 644; *Jackson vs. Clark,* 7 *Johns. R.* 217; *Miller vs. Hill,* 4 *Denio* 104.

*Third.*—The Defendant showed prejudice. · *Williams vs. Johnson,* 4 *Minn.* 260.

*Fourth.*—The Plaintiffs showed no right of possession, the suit having been instituted before the expiration of a year from sale, and the statutory foreclosure having commenced after the last act of March 10, 1860, which act was a substitute for and repealed the prior act giving a purchaser posses-

sion. *Session Law* 1860, *page* 275; *Compiled Statutes pages* 646.

*Fifth.*—By the laws of Minnesota a mortgage is only a lien and the mortgagee has no right of possession upon default or as incident to his estate. *Compiled Statutes, page* 596, *Sec.* 11. And a statute foreclosure has always been subject to at least one year's redemption. *Compiled Statutes, pages* 645, 646.

*Sixth.*—The purchaser's title before the time of redemption is out, is only a lien, and the estate of the mortgagor is not divested until the sale becomes absolute. *Vanghun vs. Ely,* 4 *Barbour* 159.

The right of the purchaser to possession before the sale is absolute, is purely statutory and not a right by contract.

ALLIS & PECKHAM, Counsel for Plaintiffs in Error.

H. J. HORN, Counsel for Defendants in Error.

*By the Court.*—FLANDRAU, J. This action was brought to recover possession of certain real estate in the city of St. Paul, which the Plaintiffs claim to, be entitled to, by virtue of a sale under a mortgage foreclosure by advertisement under the statute. The defence set up in the answer, which we shall alone notice, is, that the sale was irregular and void, the notice having stated originally that the sale would take place on the 23d of May, 1860, and that the Plaintiffs had changed it to the 25th of May, 1860, whereby the Defendants were misled, etc. The evidence disclosed that such alteration had been made, and the jury in their special verdict find, among other things, "That the notice of sale was published for six weeks successively before sale." The counsel for the Plaintiffs in error in preparing the papers for this court, obtained a statement or history of the manner in which the several issues or questions were submitted to the jury by the court, signed by the Judge who tried the cause, which statement was designed in one particular to throw light upon the special verdict, and show which notice was intended by the jury in their finding above quoted, that "the notice of sale was published for six weeks succes-

sively before sale." The counsel for the Defendant in error moved this court to strike out such statement on the ground that no aid can be given to a special finding of facts by a jury, by the court or otherwise, that they must speak for themselves.

We think the statute designed clearly that every verdict must be full in itself, and that after it is once recorded it must stand or fall upon its own contents. *Section 32, on page 560 of the Compiled Statutes* provides as follows:

"When a verdict is rendered, and before it is recorded, the jury may be polled on the request of either party, for which purpose each juror must be asked whether it be his verdict; if any one answer in the negative, the jury must be sent out for further deliberation. If the verdict is informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may be again sent out." The succeeding sections give further facilities for correcting verdicts. These sections are only declaratory of powers that must exist in all courts. We think that the safety of all parties will be best subserved by holding that when the verdict is once perfected, and the parties satisfied, it cannot be aided by any additions or subtractions from any source.

Whether the statement of the court in this case would have had the effect of changing the force of the verdict in any way is doubtful, but we think it is the better practice to let the verdict stand alone, and consequently the statement was stricken out of the case on the argument in this court.

The jury find that the Defendant George W. Farrington did not know that the change had been made in the notice until after the sale, and that he attended at the time and place of sale on the 23d day of May, 1860, pursuant to the first notice, for the purpose of bidding off the premises and protecting his rights.

We think the case shows that the Defendants were misled by the change in the notice to their prejudice, and the question is, who is to be the loser by it? The statute by providing this manner of executing a power of sale, places in the hands of the mortgagee the whole matter, and furnishes him with a very easy means of acquiring the title to the property

himself, or passing it to some other purchaser. No other notice is required than the newspaper publication, which may or may not attract the attention of the mortgagor, and in either case the sale is equally binding.   The statutory modes of transferring the title from a party to his real estate, and vesting it in another by way of tax sales, mortgage sales and other remedies, are so numerous, and so facile of execution, that it is the duty of courts to require a strict compliance with the law in each case in every essential requirement.   We do not mean to hold that the correction of every immaterial typographical error that may occur in a notice, would vitiate a sale; nor do we mean to hold that an alteration of a notice made in good faith to correct an error in a material particular would *per se* be fatal in all cases to a sale.   In applications for relief in such cases, prejudice resulting from the mistake or alteration is always considered an essential feature by courts, and whether there was prejudice in fact, or the error is such that the courts are bound to presume it, must in each case be determined by the facts proven.   In this case the alteration was of the most material part of the notice, and the jury have found that the mortgagor was misled by it to the extent of losing an opportunity of being present at the sale at all.   Whatever rights of redemption, or otherwise, he may enjoy under the statute in no way changes the question.   He may be left in ignorance that the property has ever been sold, and consequently make no provision to redeem it.   There is no reasoning of counsel, however ingenious, that can prove the right of a mortgagor to know when his property is to be sold, to be valueless.

It is urged in this case that if these alterations cannot be made after the notice appears, parties will be obliged in every instance to wait until the full six weeks have elapsed before they can insert a new notice, as our holding will make every notice which differs from the first a mere alteration.   If such embarrassing consequences flow from mistakes of this character, the best remedy we can suggest is to be more careful and not make them.   There can be no possible difficulty in examining the proof sheets and having the whole matter correct before it appears by publication, and then if any emergency arises that requires a postponement, the statute

points out the method of obtaining it. *Comp. Stats.* 644, *Sec.* 7. We are clear that the court below decided the case correctly, and that the judgment should be affirmed.