WILLIAM L. BANNING, *et als.*, Appellants, *vs.* ALBERT ARMSTRONG, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

A party commenced the foreclosure of a mortgage by advertisement, and after the publication of the notice for some two or three weeks, discovered that the day appointed in the notice for the sale of the premises came on Sunday. He then, before the day appointed for the sale, discontinued the original notice, and inserted another notice of sale of the same premises, bearing a different date, claiming a larger amount, and fixing a later day of sale, than stated in the first notice, and differing in terms from the first in other le-s material points, and sold the premises in accordance with such notice. *Held*, that these facts constituted a good defence to an action by the mortgagor to set aside the sale on the ground that the sale was unauthorized and void.

Points and Authorities for Appellants.

I.—The proceedings to foreclose were irregular; the notice having been changed so as to appoint another day of sale without a notice of postponement. *Sec.* 7, *Comp. Stats.*, *p.* 644; *Dana & Broom vs. Farrington*, 4 *Minn.*, 433.

II.—The proceeding was irregular in inserting another notice of sale before the original notice had run out. Said original notice was a proceeding pending at the time.

III.—The Plaintiffs showed prejudice by the inadequacy of price of the property and want of competition at the sale.

*American Insurance Co. vs. Oakley*, 9 *Paige*, 259; *Richard Wells vs. Pfeiffer*, 4 *Yeates*, 203.

Horn & Galusha, Counsel for Appellants.

Smith & Gilman, Counsel for Respondent.

*By the Court*—Atwater, J.—This was an action brought by Appellants to set aside a mortgage sale by advertisement. The Plaintiff Banning was the mortgagor, and the Defendant the mortgagee, and the principal ground alleged in the complaint for setting aside the sale, was that the sale did not take place in accordance with the published notice. The complaint alleges, that on the 14th of December, 1860, the Defendant caused to be published a notice of foreclosure and sale of the mortgaged premises, in a newspaper published in Ramsey county, appointing Monday, the 27th day of January, 1861, at 11 o'clock A. M., as the day and hour of sale. That at said time no sale took place, but that the premises were sold on the 16th day of February, 1861, and were struck off to Defendant for the sum of $1,500 ; that no notice of postponement of the day of sale appointed in said notice was ever inserted in the newspaper in which the original advertisement was published, nor was the time of sale appointed in said notice ever in any manner lawfully postponed or changed to any other day, and that the sale was without the authority or consent of the mortgagor, and contrary to law and void, and that the amount for which the property was purchased, was less than half its value at the time of the sale, as well as at the time of the commencement of suit.

The answer admitted that a notice was published of the tenor stated in the complaint, for about two weeks, when the same was discontinued, as it was discovered that the 27th day of January came on Sunday ; that on the 2d of January, 1861, a new notice was given and published for the sale of the mortgaged premises, claiming to be due on the note and mortgage a different sum from that claimed in the notice referred to by the complaint, and fixing the 16th day of February as the day of sale, which notice was duly published as

required by statute; and the sale made in accordance therewith.

The Plaintiff demurred to the answer, on the ground that it did not state facts sufficient to constitute a defence. The demurrer was overruled and Plaintiff appealed.

The demurrer was properly overruled. The answer shows notice of the sale and foreclosure published as required by statute, and a sale in accordance therewith. If a party publishes a notice of foreclosure, and does not proceed to sell under the same, he certainly has the right to publish a new notice and make sale under the latter. The only question that could properly arise in this case, is whether he may publish such notice until after the time fixed for the sale in the first notice has elapsed. I see no impropriety in his so doing, unless the change in the notice is of such a nature that a person or the public might naturally and reasonably be misled by it, and it appears that some person interested in the sale of the property has in fact been misled by the change. Such was the case in *Dana & Broom vs. Farrington*, 4 *Minn.*, 433. In that case the only change made was in changing the day of the month fixed for the sale from the 23d to 25th of May —a change of one figure only, and which might very naturally mislead a party, and by which the party averred he had been misled, and the jury found as a fact that the Defendant did not know that the change had been made in the notice until after the sale, and that he attended at the time and place of sale as first published for the purpose of bidding off the premises and protecting his rights. And the decision in that case was based upon the ground that the case showed that the Defendants were misled to their prejudice.

In the case at bar the amount claimed to be due, the day fixed for the sale, the date, are all different in the second notice from those particulars as named in the first, as well as changes in the language in other respects. The changes are of such a nature that it is scarcely possible one should be misled by them, nor indeed do the Plaintiffs claim that they have been misled. In fact, from a careful examination of the complaint, I do not think that pleading states facts sufficient to constitute a cause of action. It alleges the giving the

mortgage by Plaintiffs with power of sale, and that the mortgagee did sell upon a certain day, but does not allege that no notice was published as required by statute, but only that no notice of postponement of the day of sale appointed in the original notice was inserted in the newspaper in which the advertisement was first published. It is also alleged that the time of sale appointed in said notice was never in any manner lawfully postponed or changed, to any other day, which is not the pleading of a fact, but a legal conclusion. The Plaintiffs do not pretend they had not full notice of the time and place of sale, nor that they were desirous or prepared to bid on the property, or that any other one was misled or prevented by the change of notice from attending at the sale, or that there was any reason to suppose the property would bring a higher price at a resale, or a single equitable circumstance entitling them to the aid of the Court. But it is unnecessary to decide the case upon the defects of the complaint, as whatever view may be taken of that, we are satisfied the answer states a good defence, or rather, states facts sufficient to show a valid sale. The order overruling the demurrer is affirmed.