## William D. Washburn et al,

### *vs.*

## Charles H. Sharpe et al.

The year after rendition of judgment specified in *Gen. Stat. chapt.* 66, *sec.* 50, runs from the actual entry of the judgment; and the limitation refers to the application of the defendant, not to the action of the court upon it.

The granting leave to answer, under the section above mentioned, as well as the terms on which it is granted, is within the discretion of the court below, with which this court does not interfere, except in case of a palpable abuse of discretion.

This is an appeal taken by the plaintiffs from an order of the district court for Morrison county setting aside the judgment entered in the case on default, after service of summons by publication, and allowing defendants to put in an answer and defend. The case is sufficiently stated in the opinion of the court.

Bigelow & Clark for Appellants.

Hayes & Kerr for Respondents.

Washburn et al. v. Sharpe et al.

*By the Court*—RIPLEY, CH. J.—This action was brought in the district court for the seventh judicial district for the county of Morrison, under *chapter 75, section 1, of General Statutes, as amended by chapter 72, section 1 of General Laws of* 1867, to determine the alleged adverse claim of defendants to land in said county. The summons was served by publication in a newspaper published in the adjoining county of Stearns, there being none printed or published in Morrison county, and defendants being residents of New York. Defendants did not appear in the action, and on the 25th day of July, 1868, at a special term of said court held at Saint Cloud, in said county of Stearns, the judge of said court signed what is in form a judgment, by which, after reciting the service, default, and proof of the material allegations of the complaint, and that the security required by *Statute, chapter* 66, 192, § 3, had been filed, (though it was not in fact filed till July 29th,) it was ordered, adjudged and decreed, conformably to the prayer of the complaint, that plaintiffs were owners in fee of the land, and that all adverse claim of defendants thereto was void, and that plaintiffs' title thereto be quieted, and defendants barred from asserting any adverse title thereto, which, on the 29th day of said July, was filed in the clerk's office for said Morrison county.

On the 24th July, 1869, defendants Sharpe & Piper, by C. D. Kerr, their attorney, applied to be allowed to defend, upon Mr. Kerr's affidavit, and their proposed answer, upon which an order was granted upon plaintiffs to show cause to the contrary, on the 29th day of July, 1869; and after hearing had on said 29th July, the court below, on the 20th August, 1869, ordered that the judgment, as against said defendants Sharpe & Piper, be set aside, and that they have leave to serve and file an answer within twenty days from the date of the order; from which plaintiffs appeal.

Washburn et al. v. Sharpe et al.

They insist that the rights of the defendants are defined by *sections* 50 *and* 51 *of chapter* 66 *of General Statutes*, and that defendants cannot successfully invoke the aid of *section* 105 *of that chapter.* By *section* 51, defendant's application must be within one year after rendition of· the judgment. In *Humphrey vs. Havens et al*, 9 *Minn.* 350, it is held that the time limited for an appeal or writ of error, is to be dated from the actual entry of the judgment or order from which it may be taken, and not from the time of making the decision.

The language of the statute upon which that case was decided,.is, as to appeals, that they must be taken within six months after a judgment shall be rendered, and as to writs of error, that none shall be issued after the expiration of one year from the time of the rendition of the judgment. *Comp. Stat. chapt.* 71, *secs.* 9–22.

There is·no reason why a different construction should be put upon the words of *chapter* 66, *section* 51 aforesaid: on the contrary, it is in the interest of justice, that the right of parties not personally served, should depend upon the record.

The year, then, runs from the *entry* of the judgment. What that is, is defined by *section* 250 of the same chapter. "Judgment must be entered by the clerk in the judgment book." If this has been done, as appellants suggest, but as does not appear from the paper book, it could not have been done prior to the 29th day of July, 1868, when the required security was filed along with the judgment, or as it is called by the appellants, the decree, signed by the judge, at St. Cloud on July 25th, as above stated.

It is impossible to treat the latter, made and· signed by the judge, at a special term, in another county, as a judgment entered, within the meaning of the law. It would seem more agreeable to the spirit of the laws to consider it

as an order for judgment upon a decision made out of term, as to Morrison county, upon filing which, the clerk of that county would enter judgment. *Gen. Stat.* 1868, *Ch.* 90, *Sec.* 1.

It appears from the order to show cause, that the application was made by July 24th, 1869, and therefore within the year. The limitation refers to the application, not to the action of the court. It is not material, therefore, whether the hearing or the decision were within the year.

It is said, upon the authority of *Gerrish vs. Brewster et al*, 5 *Minn.*, 23; and *Groh vs. Bassett*, 7 *Minn.*, 320, that the defendant, to entitle him to relief, must show, not only that he has a meritorious defence, but that he did not have actual notice of the commencement of the suit in season to interpose his defence within the ordinary time; and that he moved in the matter immediately, and with diligence, as soon as he received actual notice of the action or judgment against him. Those cases, however, were decided upon the provisions of *Chap.* 60, *Sec.* 94, *of the Compiled Statutes*, re-enacted by section 105 aforesaid, of *Chap.* 66 *of the General Statutes;* that the court may at any time within one year after notice thereof, relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, and if, as the appellants insist, defendants cannot invoke the aid of that section, the case certainly should not be tested by rules prescribed for applications under it. No such rules have been laid down, as to applications made under section 51. If made within the year, they may be granted upon such terms as may be just. The granting, as well as the terms, are in the discretion of the court below, with which there is no more reason for our interfering, than if the case were admitted to fall within the provisions of section 105; that is to say, the court will not interfere except in cases of palpable abuse.

The abuse of discretion suggested, in not requiring legal evidence of want of actual notice, and of diligence, cannot, of course, exist for the appellants, so long as they deny to the respondents the benefit of the provisions of section 105; and as there is no analogy between the present application, and the cases cited by the appellants, of affidavits for attachments and orders for publication, in which the jurisdiction of the court depends upon the existence of the facts sworn to, no authority is produced for holding that sufficient cause must be shown in such cases as the present upon such evidence as is required in such proceedings as those referred to. There is more analogy between this and an application for a new trial on the ground of newly discovered evidence, in which the rule of the court is, that the affidavit of the person who is to testify to such facts, must either be produced, or a sufficient excuse given for not doing so; and in this light the objection that want of actual notice and diligence are not proved by the affidavits of the parties, or persons having actual knowledge, would be obviated; the affidavit of Mr. Kerr stating a good excuse in the want of time to procure them.

And where, as in this case, the defendants reside at a great distance from the State, and one, to whom the other had committed the care of his interest, was absent from the United States till the last of May, 1869, and the summons was published in a newspaper of local circulation, and not in the county where the land lay, there is not only no presumption of any actual knowledge on the part of the defendants of the pendency of the action, but circumstances tending, to say the least, to show the contrary, and sufficient to justify the court below under the circumstances, in not requiring further evidence on that point.

Such want of notice would, of course, be held sufficient

cause to allow the party to interpose a meritorious *defence*, on application before judgment, and there is no reason why it should not be held sufficient after it, such terms being imposed as justice requires.

But the defence sought to be interposed is said to be undeserving of favor, and though it is scarcely claimed that it is not such as in law is deemed meritorious, it is said to be such that the defendants should not be allowed to interpose it, unless they are entitled to do so, as matter of strict and positive right. It is not, however, suggested, that the order appealed from is on this account an abuse of discretion, and if not, it is not to be disturbed.

And though it is true that the defendants' claim is under a tax title, acquired before the mortgage foreclosure by advertisement under which plaintiffs claim, and growing out of the forfeiture of the land to the State, for taxes assessed, while plaintiffs were only mortgagees, and consequently not in duty bound to pay them, they might, nevertheless, have done so, and foreclosed for the amount, if not reinbursed by the owner: and if they saw fit to let the land be forfeited, the time of redemption to expire, and the land to be conveyed by the State to the defendants' grantor, they certainly ought not to complain of the action of the court below, in giving defendants an opportunity to plead the title they permitted them to acquire. The tax laws, for better collection of the revenue, not only provide for these titles, but are so framed as to encourage purchasers to invest in them, and it would be going too far to say either that a tax title is not in law, a meritorious defense, or that in consequence of its character as compared with that of plaintiffs' title, the statute or proofs should not upon an application of this kind be construed as liberally as in other cases.

The appeal is dismissed.