FRANK HOLLAND and THOMAS PEPPER, Executors, etc., *v.* REDELL KING.

(*Nashville,* December Term, 1955.)

Opinion filed March 9, 1956.

Rehearing denied April 5, 1956.

THOMAS PEPPER, of Springfield, for appellants.

JOHN D. SPROUSE and GEORGE YOST, both of Springfield, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

This case was tried on stipulation of facts. The County Judge overruled the exceptions to the claim of Redell King, amounting to $1,619.20, and adjudged the claim to be a valid claim against the estate of Boyd H. Holland, deceased. This appeal resulted.

It appears that Frank Holland and Thomas Pepper duly qualified as executors of the last will of Boyd H. Holland in the County Court of Robertson County, Tennessee, on May 25, 1954.

It further appears that the County Court Clerk, as required by Chapter 175 of the Public Acts of Tennessee, 1939, caused to be published in the Springfield Herald, a newspaper of general circulation in Robertson County, which notice stated the qualification of such executors and provided that claims should be filed within nine months from date of the publication notice. This publication appeared in issues of May 28, 1954, and June 4, 1954.

It appears that on November 9, 1954 the claimant, appellee King, filed the account in question with the County Court Clerk of Robertson County.

On March 31, 1955, the executors filed exceptions to said claim.

The claimant King then contended that these exceptions were filed too late, that is more than nine months and thirty days after the first notice in the Springfield Herald. The executors, on the other hand, insist that the exceptions were filed within nine months and thirty days from the date of the first publication appearing in the Robertson County Times, which dates are June 10 and 17, 1954.

The County Judge held that the time element in the Springfield Herald was determinative, therefore the exceptions were filed too late.

The defendant in error insists here that the judgment of the County Judge is erroneous because the true time to figure the nine months and thirty days was from the first publication in the Robertson County Times, rather than the first publication in the Springfield Herald.

The executors insist here that when the County Court Clerk caused to be published the notice in the Springfield Herald, that this was constructive notice to all parties interested and therefore the time began to run from the first publication in the Springfield Herald, and that the subsequent publications of the notice in the Robertson County Times could be treated as mere surplusage. We are unable to agree to this contention. There appears in the record a stipulation by the parties and contains the following:

"(5) That the publication in the Robertson County Times was relied upon by Frank Holland and Thomas Pepper, Executors aforesaid, as establishing and fixing the time for filing exceptions to this Redell King claim against the Holland estate."

We cannot follow the argument that this notice appearing in the Robertson County Times was surplusage when counsel for the claimant has stipulated that the

executors in fact relied upon the notice published in the Times.

■ Legal notices should be full and accurate enough to apprise those affected by it of the significance of the notice.

■ We have been unable to find any case in Tennessee in point, but by analogy we can take the case of changing the date of sale in a foreclosure of a mortgage where the mortgagor was misled by it, so as to lose his opportunity to be present at the sale, and in such case it was held that the sale was void. *Dana* v. *Farrington,* 4 Minn. 433, Gil. 335.

In the present case it is stipulated that executors relied upon this second notice, and we cannot say that the executors were misled by it. Any one reading the Times and not reading the Herald would naturally think that the notice in the Times would prevail.

The judgment of the lower court is reversed and remanded for the purpose of trying the exceptions on the merits.